1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

11

CONNIE ESTEP,

12                Plaintiff,

13        v.

14    RELIABLE CREDIT ASSOCIATION, INC.,

15                Defendant.

Case No. 3:15-cv-05142-RJB

ORDER GRANTING DEFENDANT
RELIABLE CREDIT ASSOCIATION,
INC.'S MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(b)(6)

16        THIS MATTER comes before the Court on Defendant Reliable Credit Association,

17    Inc.'s ("Defendant" or "Reliable Credit") Motion to Dismiss Plaintiff Connie Estep's

18    Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim

19    upon which relief can be granted (Dkt. 6) ("Motion").  The Court has considered the Motion,

20    the Complaint, Plaintiff's response (Dkt. 9), Defendant's reply (Dkt. 10), and the remainder of

21    the file therein.

22    I.        BACKGROUND

23        Plaintiff alleges the following relevant facts in the Complaint (Dkt. 1, at 2-4):

24        Plaintiff purchased a vehicle from a dealership, Dick Hannah Dealerships, on April 6,

25    2014. Following Plaintiff's vehicle purchase, Defendant purchased the installment sales

26    contract for the vehicle from the dealership.

ORDER - 1

1

2

3       Plaintiff called defendant via telephone to inquire about making electronic monthly

4   payments on the vehicle to Defendant, and Defendant sent Plaintiff a copy of an

Authorization Agreement for Automatic ACH Payments ("the Authorization Agreement")

5   (Dkt. 1-1). Under the Authorization Agreement, payments were set up as preauthorized

6   electronic fund transfers, to be taken out of Plaintiff's personal bank account on a monthly

7   basis. Plaintiff signed and returned the Authorization Agreement to Defendant.

8       The Authorization Agreement provides in relevant part:

9       I understand that Reliable[, Defendant,] may suspend or terminate electronic payments
        at any time in its discretion. Otherwise, this authorization will remain in effect until I
10      cancel it. I may cancel through eServices or by telephoning Reliable at the branch that
        services my loan or retail installment contract. In either case, I must notify Reliable
11      prior to 5:30pm Pacific Time on a scheduled transaction date for the cancellation
        notice to become effective.
12

13      Plaintiff alleges that Defendant violated 15 U.S.C. § 1693(1) of the Electronic Fund

14  Transfer Act ("the EFT Act") by creating an authorization agreement that limited Plaintiff's

15  ability to stop payment by notifying her financial institution as permitted under 15 U.S. C. §

16  1692(e)(a).

17   II.       STANDARD FOR MOTION TO DISMISS

18      Fed. R. Civ. P. 12(b) motions to dismiss may be based on either the lack of a

19  cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal

20  theory.  *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).  Material

21  allegations are taken as admitted and the complaint is construed in the plaintiff's favor.

22  *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983).  "While a complaint attacked by a Rule

23  12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to

24  provide the grounds of his entitlement to relief requires more than labels and conclusions, and

25  a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v.*

26

ORDER - 2

1

2

*Twombly*, 127 S. Ct. 1955, 1964-65 (2007)(*internal citations omitted*).  "Factual allegations

3

must be enough to raise a right to relief above the speculative level, on the assumption that all

4

the allegations in the complaint are true (even if doubtful in fact)."  *Id*. at 1965.  Plaintiffs

5

must allege "enough facts to state a claim to relief that is plausible on its face."  *Id*. at 1974.

6

III.   DISCUSSION

7

Congress enacted the EFT Act in part to protect consumers' rights in electronic fund and

8

remittance transfer systems. 15 U.S.C. § 1693(b). One of the EFT Act's protections, an anti-

9

waiver provision, precludes consumers from waiving rights protected under the EFT Act:

10

> No writing or other agreement between a consumer and any other person may contain any provision which constitutes a waiver of any right conferred or cause of action created by this subchapter. Nothing in this section prohibits, however, any writing or other agreement which grants to a consumer a more extensive right or remedy or greater protection than contained in this subchapter or a waiver given in settlement of a dispute or action. 15 U.S.C. § 1693(l).

11

12

13

Among other rights conferred by the EFT Act, and the one allegedly violated by Defendant, is

14

the consumer's right to "stop payment of a preauthorized electronic fund transfer by notifying

15

the financial institution orally or in writing at any time up to three business days preceding the

16

scheduled date of such transfer." 15 U.S.C. § 1693(e)(a). *See also*, Regulation E, 12 C.F.R. §

17

205.10(c).

18

19

Here, the Complaint fails to state a claim because the Authorization Agreement does

20

not violate the EFT Act. On the contrary, the Authorization Agreement provides better

21

protections to Plaintiff than those according under the EFT Act. The Authorization Agreement

22

uses language protecting Plaintiff's choice on how to cancel electronic payments: "[Plaintiff]

23

*may* cancel through eServices or by telephoning [Defendant][.]" However, although two

24

means of cancelling are specified, nothing in the language precludes any other means of

25

cancelling. The next sentence provides that "In either case, [Plaintiff] must notify [Defendant]

26

prior to 5:30pm Pacific Time on a scheduled transaction date for the cancellation notice to

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

become effective." In its context, the word "for" is best read as "in order for," meaning that the 5:30pm time provision should be interpreted as an administrative cut-off time in order for cancellation to be effective on the following day. This provides even greater protection to Plaintiff than the EFT Act, because the EFT Act gives consumers an actionable right only when cancellation is not effective after three days' notice. 15 U.S.C. § 1693(e)(a).

The Complaint also fails because the Authorization Agreement does not interfere with Plaintiff's notification of a financial institution, because Defendant is a designated payee, not a financial institution, as required by the EFT Act. *C.f.* 15 U.S.C. § 1693(e)(a) ("…by notifying the financial institution…up to three business days") and 15 U.S.C. § 1693(e)(b) ("…the financial institution or designated payee..."). Although no circuit court has decided this question, at least three other district courts agree that the terms of § 1693(e)(a) are enforceable only against financial institutions. *Miller v. Interstate Auto Grp., Inc.*, No. 14-CV-116-SLC, 2015 WL 1806815, at *4 (W.D. Wis. 2015); *Baldukas v. B & R Check Holders,* No. 12–CV–01330–CMA–BNB, 2013 WL 950847 (D.Colo. 2013); *Murphy v. Law Offices of Howard Lee Schiff, P.C.,* No. CIV.A. 13–10724–RWZ, 2014 WL 710959, at *1 (D.Mass. 2014).

Of note, Plaintiff does not allege that Defendant is a financial institution, but rather alleges that "in order to stop payment on a preauthorized electronic fund transfer, [Defendant's] written agreement purported to limit Plaintiff's ability to stop payment by notifying her financial institution[.]" Dkt. 1, at 2, 3. However, this argument is not supported by the text of the Authorization Agreement itself. The Authorization Agreement specifies how Plaintiff was permitted to cancel electronic payments serviced by a third-party payee, Defendant, but makes no mention of any limitations on Plaintiff's ability to notify her financial institution. Therefore, Plaintiff has not alleged sufficient facts to state her EFT Act claim against Defendant and her claim should be dismissed.

* * *

ORDER - 4

1

2

        Accordingly, it is hereby **ORDERED** that Defendant's Motion to Dismiss (Dkt. 6) is

**GRANTED**. This case is now closed.

3

4

        The Clerk is directed to send uncertified copies of this Order to all counsel of record

5

and to any party appearing *pro se* at said party's last known address.

6

        Dated this 18TH day of June, 2015.

7

8

$\underline{\hspace{5cm}}$

9

                        ROBERT J. BRYAN
                        United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER - 5